UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH BELLAMY,

    Plaintiff,

v.                                              Case No:   2:15-cv-431-FtM-29CM

FIRST CLASS MANAGEMENT
LLC and TARA P. PALUCK,

    Defendants.

## REPORT AND RECOMMENDATIONS[1]

Before the Court is Plaintiff's renewed[2] Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis* (Doc. 13). *Pro se* Plaintiff Kenneth Bellamy requests leave to proceed in this case without the prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915. For the reasons stated herein, the Court recommends that Plaintiff's motion be denied and this case be dismissed.

    I.    *Indigency*

An individual may be allowed to proceed in *forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiff's original Affidavit of Indigency (Doc. 2) was denied without prejudice because the complaint (Doc. 1) was insufficient to establish this Court's jurisdiction over Plaintiff's claims.

only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed in *forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Id.*

Here, upon review of Plaintiff's renewed affidavit, he appears to qualify to proceed without the prepayment of costs in this matter. Plaintiff's affidavit states that he is currently retired. Doc. 13 at 2. Prior to retirement, he worked as a driver for 20 years. *Id.* He states that his total monthly income is $2,100.00. *Id.* He states that he has $200.00 in savings. *Id.* at 2. Plaintiff does not list any other assets. As liabilities, Plaintiff states that he owes $1,040.00 on his Bank of America Visa and $720.00 on his Bank of America MasterCard. *Id.* at 4. Plaintiff's monthly payment for the Visa is $35.00 and for the MasterCard is $25.00. *Id.*

This case presents a close call, because considering Plaintiff's income, Plaintiff's liabilities do not exceed his assets. Because a plaintiff is not required to prove that he is destitute to qualify, however, upon consideration of the Application the Court finds that Plaintiff has satisfied the requirements to proceed *in forma pauperis* in this matter. For the reasons set forth more fully below, however, the Court recommends that the motion be denied and this case be dismissed.

## II. Sufficiency of the Complaint

Once an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of the plaintiff's claims. The Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See* 28 U.S.C. § 1915(e)(2).

On July 30, 2015, the Court evaluated Plaintiff's original complaint (Doc. 1) and determined that Plaintiff failed to state a claim under 42 U.S.C. § 1983 and that he also failed to establish how this Court has jurisdiction over his claims. Doc. 9. Accordingly, the Court denied without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* and allowed Plaintiff an opportunity to amend his complaint to cure the deficiencies. *Id.* Plaintiff, however, has failed to cure the deficiencies.

Here, Plaintiff's Amended Complaint[3] (Doc. 11) appears to assert a claim under 42 U.S.C. § 1983 stating that Defendants, First Class Management, LLC ("First Class") and Judge Tara P. Palack[4] ("Judge Paluck"), deprived him of his place of residence by evicting him. Doc. 11 at 2. In order to establish a *prima facie* case

---

[3] Plaintiff inadvertently failed to sign the amended complaint but then he later filed a signature page for the complaint. Doc. 12.

[4] The Court notes that the correct spelling "Paluck" rather than "Palack." Judge Paluck is the presiding judge in the related state court action filed in the Twentieth Judicial Circuit in and for Lee County, Florida. *See First Class Mgmt., LLC v. Bellamy*, Case No. 15-CC-002400 (2015).

under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional or a federal statutory right. *West v. Akins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Plaintiff also must provide factual and legal support for his claims. In the body of the amended complaint, Plaintiff must state *with specificity* the particular factual and legal basis for each claim. Here, Plaintiff simply makes a blanket statement that he makes this claim "under color of state law to commit an injustice." Doc. 11 at 2. Plaintiff, however, fails to sufficiently explain the legal basis for his claims.

Moreover, Plaintiff has failed to establish how this Court has jurisdiction of his claim. Defendant, First Class, filed an action against Plaintiff in the Twentieth Judicial Circuit in and for Lee County Florida seeking to evict Plaintiff from his residence. *See First Class Mgmt., LLC v. Bellamy*, Case No. 15-CC-002400 (2015). Plaintiff subsequently filed this case with this Court seeking to stop the eviction. Doc. 1. Congress has "manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The eviction proceeding appears to be still pending in the state court, and it appears that Plaintiff has filed a notice of appeal in the state court action. *See First Class Mgmt., LLC v. Bellamy*, Case No. 15-CC-002400 (2015). Therefore, Plaintiff has not alleged the basis for this Court's subject-matter jurisdiction to address Plaintiff's claims. Additionally, Senior United States District Judge John E. Steele denied Plaintiff's motion for temporary restraining order for lack of jurisdiction. Doc. 8 at

4. Judge Steele stated, "[t]he *Rooker-Feldman*[5] doctrine 'places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation.'" Doc. 8 at 2 (citing *Goodman v. Sipos*, 259 F.3d. 1327, 1332 (11th Cir. 2009). Because Plaintiff failed to establish some independent basis of jurisdiction, the Court recommends that this case be dismissed.

Additionally, the Eleventh Circuit states, "[u]nder Rule 41(b), a court has authority to dismiss actions for, *inter alia*, failure to obey court orders." *Birdette v. Saxon Mortg*, 502 Fed. App'x 839, 840 (11th Cir. 2012) (citation omitted). The appellate court notes that a Plaintiff should at least be provided one opportunity to amend before the court dismisses a case with prejudice. *Id.* Here, the Court allowed Plaintiff the opportunity to cure the deficiencies in his complaint, and Plaintiff failed to do so.

---

[5] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.     Plaintiff's Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

2.     This action be dismissed with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of December, 2015.

                                                                                   _____
                                                                                   CAROL MIRANDO
                                                                                   United States Magistrate Judge

Copies:
Counsel of record