```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

KENNETH BELLAMY,

    Plaintiff,

v.                                    Case No: 2:15-cv-431-FtM-29CM

FIRST CLASS MANAGEMENT LLC
and TARA P. PALUCK, Judge,

    Defendants.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #15), filed December 31, 2015, recommending that plaintiff's Affidavit of Indigency (Doc. #13), construed as a motion to proceed in forma pauperis, be denied and the case dismissed with prejudice. Plaintiff filed Objections to Report and Recommendations (Doc. #18) on January 22, 2016, asserting that he should be found indigent, and arguing why he was deprived of due process in state court. Plaintiff acknowledges that he filed an appeal in state court, which is pending.

1. *Procedural Background*

On July 17, 2015, plaintiff filed a one-page, untitled complaint (Doc. #1) alleging that defendants acted in collusion to evict his from his residence, and that he was seeking the intervention of the Attorney General and the Court to stop his

eviction. Plaintiff also sought additional time to develop his case and pay his rent. Along with the Complaint, plaintiff filed a short-form Affidavit of Indigency (Doc. #2) indicating that he was single, retired, and with an income of $801.00 a month. Plaintiff also identified an owned vehicle, a rent payment of $725.00, and $110 a month for pensions, annuities, or life insurance payments. On July 23, 2015, plaintiff filed another one-page, untitled complaint (Doc. #4) that appears to be a duplicate of the original filing. On July 28, 2015, plaintiff filed an Emergency Motion (Doc. #8) seeking to enjoin an eviction. The motion was denied on the same day because the Court lacked subject-matter jurisdiction to enjoin an eviction pursuant to Writ of Possession issued by state court. (Doc. #8.)

On July 30, 2015, the Magistrate Judge denied plaintiff's motion for leave to proceed *in forma pauperis*, construed from the Affidavit of Indigency, finding plaintiff financially qualified to proceed *in forma pauperis*, but that the complaint contained deficiencies in pleading the claim and jurisdiction that needed to be addressed first. (Doc. #9.) On August 31, 2015, plaintiff filed a new, titled Complaint (Doc. #11) identifying a jurisdictional basis under 42 U.S.C. §§ 1983, 1985, the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. § "200-2"[1], and

---

[1] The Court assumes that plaintiff is attempting to reference Title VII, 42 U.S.C. § 2000e-2.

alleging a denial of due process in an eviction case filed against him in state court. Plaintiff seeks $5,000 in damages. Attached are copies of the underlying documents from the state eviction proceedings. Along with the new complaint, plaintiff filed a new Affidavit of Indigency (Doc. #13) stating that he is single, with no dependents, retired, and with a total monthly income of $2,100.00 (social security disability and worker's compensation benefits). Plaintiff further identifies $200 cash in the bank, and monthly payments of $60 between two credit cards. Plaintiff does not identify his current rent, utilities or other expenses.

On December 31, 2015, the Magistrate Judge issued her Report and Recommendation (Doc. #15) finding plaintiff satisfied the requirements to proceed *in forma pauperis* on a "close call", but recommending denial of the motion because the case should be dismissed for failure to cure deficiencies in the new complaint to allege subject-matter jurisdiction.

2. *Standard of Review*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

   3. *Application to this Case*

The Magistrate Judge found that plaintiff financially qualifies to proceed *in forma pauperis*, but ultimately denied the motion based on the sufficiency of the new complaint.  The Court notes that the second Affidavit fails to list plaintiff's monthly obligations outside of $60 towards credit card payments, however, when considered with the first Affidavit that listed rent and other expenses, and because of the temporary nature of worker's compensation payments, the Court agrees that plaintiff qualifies as indigent.  Therefore, this portion of the Report and Recommendation will be adopted, and plaintiff's objections as to plaintiff's indigent status will be overruled.

The Magistrate Judge found that the new complaint only provided a "blanket statement" of plaintiff's claim, and remained deficient because plaintiff did not sufficiently explain the legal

basis for his claims.  (Doc. #15, p. 4.)  The Magistrate Judge also found that plaintiff failed to allege and establish a basis for the Court's subject-matter jurisdiction.  The Magistrate Judge recommended dismissal "[b]ecause Plaintiff failed to establish an independent basis of jurisdiction."  (Id., p. 5.)  The recommendation is a dismissal *with* prejudice.

"[T]he court dismissed with prejudice, which is fitting for failure to state a claim, instead of without prejudice, which is appropriate for jurisdictional decisions." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1169 (11th Cir.), cert. denied, 135 S. Ct. 759 (2014).  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).

Liberally construed in light of plaintiff's *pro se* status, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints held to a less stringent standard than formal pleadings drafted by counsel), plaintiff asserts an equal protection violation and/or race discrimination in his eviction case that caused a violation of his due process under 42 U.S.C. §§ 1983, 1985, Title VII, and

the Fourteenth Amendment of the U.S. Constitution. "Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." Bell v. Hood, 327 U.S. 678, 681 (1946). The Court finds that plaintiff's statement of jurisdiction under federal statutes and the United States Constitution is sufficient to allege jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Even if the Court agreed that the basis for jurisdiction is inadequately pled, dismissal with prejudice is not appropriate because plaintiff could always present his case in another forum.

As the recommendation for dismissal was premised on the lack of subject-matter jurisdiction, rather than the inability to state a claim, the new complaint will be recommitted to the magistrate judge for a full review under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #15) is **adopted in part and rejected in part.**

2. Plaintiff's Affidavit of Indigency (Doc. #13), construed as a motion to proceed in forma pauperis, is **recommitted** to

the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) under the parameters outlined above.

3. Plaintiff's Objections to Report and Recommendations (Doc. #18) are **overruled**.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of February, 2016.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
All Parties of Record