UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH BELLAMY,

    Plaintiff,

v.                                  Case No: 2:15-cv-431-FtM-29CM

FIRST CLASS MANAGEMENT
LLC and TARA P. PALUCK,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 13). Plaintiff requests leave to proceed in this case without prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915. This matter was recommitted to the undersigned by the Honorable John E. Steele for a frivolity review under 28 U.S.C. § 1915(e)(2)(B). Doc. 19.

### I. Background

This action arises out of an alleged wrongful eviction, in which Plaintiff alleges that he was deprived of his due process in State court. Doc. 11. Plaintiff filed this action in this Court on July 17, 2015 alleging that the "parties acted in a collusive manor [sic] to deprive [him] of his place of residence." Docs. 4 at 1.[2] Plaintiff

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiff filed an amended complaint prior to Court ruling on its Motion for Leave to

requested leave to proceed in this case without the prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915.  Doc. 2.  Plaintiff's amended complaint requested that this Court stop an eviction proceeding then pending in Twentieth Judicial Circuit in and for Lee County Florida.  Doc. 4 at 1; *See also First Class Mgmt., LLC v. Bellamy*, Case No. 15-CC-002400 (2015).   The undersigned found that Plaintiff met the requirements of indigency but his complaint was not legally sufficient because it failed to establish how this Court had jurisdiction over his claim.  Doc. 9.  Thus, the undersigned permitted Plaintiff leave to file a second amended complaint.

Plaintiff subsequently filed a renewed motion for leave to proceed *in forma pauperis* and an amended complaint.  Docs. 11, 13.  The undersigned again found that Plaintiff met the requirements of indigency, but his that complaint again was legally deficient.  Doc. 15.  Thus, the undersigned issued a Report and Recommendation ("R&R") recommending that this case be dismissed with prejudice. *Id.*  Upon review of the R&R, Judge Steele adopted the R&R as to Plaintiff's indigency (Doc. 19 at 4), but directed the undersigned to reevaluate the complaint and specifically address whether Plaintiff's claims are frivolous under 28 U.S.C. § 1915.  *Id.* at 6-7.

---

Proceed *in forma pauperis*.  Doc. 4.  Thus, when conducting the initial sufficiency analysis required under 28 U.S.C. § 1915, the Court reviewed Plaintiff's amended complaint, as it was the operative pleading at that time.  Doc. 9.

## II. Analysis

A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The Supreme Court has cautioned, however, that a case only should be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

Plaintiff alleges in his amended complaint that Defendants violated his rights under 42 U.S.C. §§ 1983, 1985, the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. § "200-2"[3] and denied him due process in an eviction filed against him in State court. Doc. 11. Plaintiff states that he provided a copy of his "excellent history of rent payments" but this document was removed from the State court records. *Id.* at 2. Plaintiff states that as a result, Defendant Judge Tara P. Paluck used an expedited eviction process. *Id.* Plaintiff states that there was an act of collusion by the Lee County Court because his rental history was not in the State court file. *Id.* Plaintiff also states that Defendant First Class Management LLC ("First Class"), Plaintiff's landlord, stole the receipts evidencing his rental payment history. *Id.* at 4. Thus, Plaintiff requests $5,000.00 in damages. *Id.*

### A. Claims Against Judge Tara Palack

Plaintiff appears to allege that Judge Paluck deprived him of his due process rights by using an expedited eviction process. Doc. 11 at 2. Plaintiff further states

---

[3] As noted by Judge Steele, the Court assumes that Plaintiff is referring to Title VII, 42 U.S.C. § 2000e-2. Doc. 19 at 2 n.1.

that Judge Paluck knew he was out of town for medical reasons, and was unable to pay or "answer" Judge Paluck's expedited case. *Id.* at 2-3. Additionally, Plaintiff states that the expedited eviction only was accomplished because Judge Paluck knew Plaintiff was out of town,[4] and Plaintiff's rental history was not in the State court file. *Id.* at 3.

The Court recommends that all of Plaintiff's claims against Judge Paluck be dismissed based on judicial immunity. The Supreme Court has held that judges enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Dennis v. Spark*, 449 U.S. 24, 26 (1980) (citations omitted) (holding that the judicial immunity doctrine required dismissal of the section 1983 action against a judge who issued the challenged injunction); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). When judges act within their jurisdiction and jurisdictional capacity, they are entitled to absolute judicial immunity. *Allen v. State of Florida, et al.*, 458 F. App'x 841, 843 (11th Cir. 2012). In *Allen,* a prisoner filed section 1983 claims against several government officers and state and federal courts alleging that various judges violated his due process rights by failing to properly review his pleadings. *Id.* at 842. The plaintiff also requested to proceed *in forma pauperis*. *Id.* The court dismissed the claims against the courts for failure to state a claim because the judges were entitled to absolute immunity while they were acting in their judicial capacity unless they acted in "'complete absence of all jurisdiction.'" *Id.* at 843 (citing *Mireles,*

---

[4] Plaintiff states that he left messages with the Clerk of Court, on Judge Paluck's voicemail, and in the State court file, noting that he was out of town for medical reasons. Doc. 11 at 3.

502 U.S. at 9. Here, Judge Paluck was acting within her jurisdiction and judicial capacity when she issued the eviction order against Plaintiff. Thus, she is entitled to absolute judicial immunity, and the Court recommends that all of the claims against Judge Paluck be dismissed.

### B. First Class Management LLC

#### 1. Fourteenth Amendment

Plaintiff first alleges that his Fourteenth Amendment rights were violated. Doc. 11 at 1. Specifically, Plaintiff alleges that he was not provided an opportunity to be heard prior to being evicted from his residence. *Id.* at 3. The Fourteenth Amendment of the Constitution provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 924 (1982). The Fourteenth Amendment offers no protections against private conduct, no matter how discriminatory or wrongful. *Id.* at 936 (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974)). Parties, however, are able to seek redress for constitutional violations under 42 U.S.C. § 1983. *Id.* at 934. The Supreme Court has held that the statutory requirement in section 1983 of an action being "under color of state law" and the "state action" requirement of the Fourteenth Amendment are identical. *Id.* at 929.

A private party can be liable under section 1983 based on that's party's joint participation with a state official in a conspiracy to discriminate. *Id.* at 931. (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Here, Plaintiff appears to allege that he was deprived of his Fourteenth Amendment right of procedural due process by the expedited eviction process and subsequent eviction from the home he was renting. *See* Doc. 11 at 2-3. As stated, *supra*, Plaintiff's claim against Judge Paluck must be dismissed based on absolute immunity. Plaintiff's Fourteenth Amendment claim against First Class, however, also must be dismissed, as the Fourteenth Amendment protects only against violations by state actors and not private parties. Therefore, the Court finds Plaintiff's Fourteenth Amendment claims to be frivolous and recommends that they be dismissed as to both Defendants.

Plaintiff, however, may bring his deprivation of due process claim against First Class under 42 U.S.C. § 1983. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (stating "[a] § 1983 action may be brought for violation of procedural due process. . . ."). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such interest *without due process of law.*" *Id.* While the due process is a flexible concept, "the Court usually has held that the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property." *Id.* (citing *Cleveland Board of Education v. Loudermill*, 42 U.S. 532, 542 (1985)).

Here, Plaintiff alleges that he was not given the opportunity to be heard before he was evicted from his residence. Doc. 11 at 3. Plaintiff stated that his rental history was missing from the Court file; Judge Paluck used an expedited eviction process knowing he was out of town for medical reasons; and First Class stole his rental receipts from his apartment while he was locked out. *Id.* at 1-3. Thus, Plaintiff alleges that he was not able to receive a fair hearing or ruling from Judge Paluck prior to being evicted. *Id.* Although, Plaintiff cannot bring his claim under the Fourteenth Amendment, he can assert a claim against First Class under 42 U.S.C. § 1983.

### 2. *42 U.S.C. § 1983*

In order to establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) the action occurred "under color of state law" and (2) the action is a deprivation of a constitutional or a federal statutory right. *West v. Akins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Plaintiff also must provide factual and legal support for his claims. In the body of the complaint, Plaintiff must state with specificity the particular factual and legal basis for each claim. Here, Plaintiff makes a blanket statement that "[p]ropriety is claimed under 'acting under color of state [law] to commit an injustice.'" Doc. 11 at 2 (citing 42 U.S.C. § 1983). Plaintiff also states that he was not given an opportunity be heard. Doc. 11 at 3. Thus, Plaintiff appears to allege the necessary elements to establish a *prima facie* case under 42 U.S.C. § 1983.

"The frivolousness standard, authorizing *sua sponte* dismissal of an *in forma pauperis* complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief,' is a 'more lenient' standard than that of Rule 12(b)(6)." *Neitze*, 490 U.S. at 322-23 (citation omitted). The Supreme Court has stated that, "[u]nless there is 'indisputably absent any factual or legal basis' for the wrong asserted in the complaint, the trial court, '[i]n a close case,' should permit the claim to proceed at least to the point where responsive pleadings are required." *Id.* at 323. Moreover, simply because the judge may be dismissed from a section 1983 action does not mean that the private parties accused of conspiring with the judge also must be dismissed. *Dennis*, 449 U.S. at 26 (stating that based on the allegations, the private parties conspiring with the judge were acting under color of state law, and immunity does not change the character of the judge's actions or that of his co-conspirators).

Here, although the section 1983 claim must be dismissed as to Judge Paluck based on judicial immunity, the claim may proceed as to First Class. While the Plaintiff's amended complaint may not allege enough facts to survive a 12(b)(6) motion to dismiss, the Court recommends that Plaintiff's section 1983 claim against First Class proceed because Plaintiff appears to have at least alleged the elements of the claim. This case presents a close call because the Court does not find that Plaintiff provided the necessary factual and legal support for his section 1983 claim. Because, however, the frivolity standard is more lenient than the rule 12(b)(6)

standard, the Court recommends that Plaintiff's claim against First Class proceed at least until the point where responsive pleadings are required.

### 3. *42 U.S.C. § 1985*

Next, Plaintiff alleges that this Court's jurisdiction is "maintained" under 42 U.S.C. § 1985. Doc. 11 at 1. Pursuant to 42 U.S.C. § 1985, it is unlawful for two or more persons to conspire for the purpose of depriving another person or class of persons of the equal protections of the law. 42 U.S.C. § 1985(3). "Where the alleged conspirators are private actors, the plaintiff must show that the conspiracy was aimed at rights constitutionally protected against private impairment." *Johnson v. Wilbur*, 375 F. App'x 960, 964 (11th Cir. 2010) (citing *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997)). The elements of a section 1985 conspiracy are as follows:

> (1) a conspiracy, (2) for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Cook v. Randolph County, Georgia*, 573 F.3d 1143, 1156 (11th Cir. 2009). The Eleventh Circuit further stated that these rights include only "serious" constitutional rights, and "[s]o far, the only rights that the Supreme Court has expressly declared enforceable against private conspirators under section 1985(3) are the right to interstate travel and the right against involuntary servitude." *Id.* (citing *Cook*, 573 F.3d at 1156; *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)). In *Johnson*, the plaintiff, *pro se*, filed a complaint under 42 U.S.C. §§ 1981, 1983,

1985, and 1986, naming two private attorneys as Defendants. *Id.* at 962. The plaintiff also moved for leave to proceed *in forma pauperis*. *Id.* While conducting the frivolity analysis under 28 U.S.C. § 1915(e)(2)(B)(i), the court noted that "a case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless; legal theory.'" *Id.* at 963 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). The Court found the plaintiff's section 1985 claim to be frivolous because the plaintiff failed to demonstrate that the defendants conspired to violate "serious" constitutional rights such as the plaintiff's right to interstate travel and the right against involuntary servitude. *Id.* Thus, the court dismissed the plaintiff's civil rights complaint as frivolous.

For the same reason, the Court also recommends that the section 1985 claim against First Class be dismissed. Plaintiff failed to show that First Class deprived him of a "serious" constitutional right. Thus, the Court finds this claim to be frivolous, and recommends that it be dismissed.

### 4. *42 U.S.C. § 2000e-2*

Plaintiff also alleges a claim under 42 U.S.C. § 2000e-2 which proscribes unlawful employment practices. Doc. 11 at 1. This statute, *inter alia*, makes it unlawful for employers to fail or refuse to hire or discharge any individual based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). To establish a claim for race or gender discrimination a Plaintiff must show: "(1) he was a member of a protected class; (2) he was qualified to do the job; (3) he was subjected to an adverse employment action by his employer; and (4) similarly situated employees

outside of the protected class were treated more favorable." *Oliver v. National Beef Packing Co.*, 294 F. App'x 455, 457 (11th Cir. 2008) (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)). Plaintiff has not alleged any facts related to any provision of this statute. Thus, the Court finds this claim to be frivolous and recommends that it be dismissed as to both Defendants.

### III. Conclusion

Because the Court recommends that all of the claims against Judge Paluck be dismissed based on judicial immunity, the Court recommends that the dismissal be with prejudice. The Court also recommends that each of the claims against First Class, with the exception of the section 1983 claim, be dismissed with prejudice. Judge Steele, previously found that Plaintiff's statement of jurisdiction under federal statutes and the United States Constitution to be sufficient to allege jurisdiction under 28 U.S.C. § 1331. Doc. 19 at 6. Thus, the undersigned's recommendation is based on the merits and Plaintiff's inability to state a claim rather than lack of jurisdiction. Once the court decides to exercise jurisdiction to determine that the allegations in the complaint fail to state a claim, the dismissal of the case would be on the merits and not for want of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1946). Here, the undersigned has reviewed the allegations of the complaint and found each of the claims, except the section 1983 claim against First Class, to be either barred by the doctrine judicial immunity or frivolous and insufficient to state a cause of action. Dismissal with prejudice is fitting for failure to state a claim. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014), *cert. denied,* 135 S. Ct. 759

(2014). Thus, the undersigned's recommendation of dismissal with prejudice is based on the merits.

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED that:**

1. Plaintiff's Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis* (Doc. 13) be **GRANTED in part and DENIED in part.**

2. Plaintiff's Affidavit of Indigency be **GRANTED** only as to Plaintiff's 42 U.S.C. § 1983 claim against First Class.

3. Plaintiff's claims against Judge Paluck be **DISMISSED with prejudice**.

4. Plaintiff's claims against First Class under 42 U.S.C. §§ 1985, 2000e-2 and the Fourteenth Amendment be **DISMISSED with prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 22nd day of April, 2016.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record