UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH BELLAMY,

    Plaintiff,

v.                        Case No: 2:15-cv-431-FtM-29CM

FIRST CLASS MANAGEMENT LLC,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #40) filed on March 8, 2017. Plaintiff filed an Answer-Defense Motion to Demisss [sic] (Doc. #51) on April 28, 2017. Also before the Court is plaintiff's Motion for Summary Judgement [sic] (Doc. #45) filed on April 18, 2017, and based on the facts in his Second Amended Complaint. Defendant filed a Response (Doc. #53) on May 3, 2017. Because the Court finds that plaintiff has failed to state a claim, the request for summary judgment will be denied as moot.

**I.**

On July 17, 2015, plaintiff initiated his action with a one-page Complaint (Doc. #1) against defendant First Class Management, LLC, and Lee County, Florida Judge Tara P. Palack arguing that the parties acted in collusion to violate 42 U.S.C. § 1983, but

providing no factual support because he "just got back in Fort Myers", and would require additional time to "develop his case." Plaintiff also sought to proceed *in forma pauperis*. (Doc. #2.) On July 23, 2015, the Clerk filed duplicates of the Complaint as an Amended complaint (Doc. #4). On July 28, 2015, plaintiff sought emergency injunctive relief seeking to have the Court enjoin enforcement of a Writ of Possession issued in the underlying state court action. On the same day, the Court denied the motion for lack of jurisdiction. (Doc. #8.) On July 30, 2015, the Magistrate Judge denied plaintiff's request to proceed *in forma pauperis* without prejudice to filing an amended complaint in compliance with the directives in the Order. (Doc. #9.)

On August 31, 2015, plaintiff filed a revised (amended) Complaint (Doc. #11) setting forth a basis for federal jurisdiction[1], and liberally construed asserting that the only logical conclusion for his expedited eviction was the collusion because: (1) documents were missing or removed from the record showing plaintiff's excellent history of rent payments; (2) Judge Paluck knew that defendant was out of town and could not respond in the expedited case, and he was denied a hearing; and (3)

---

[1] Plaintiff brought the case pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, applicable to the states through the Fourteenth Amendment of the United States Constitution. Plaintiff also alleged discrimination but failed to identify a protected class.

plaintiff tried to comply with Judge Paluck's order to deposit $2,500 but depositing by paying $362.00 on his way out of town and he thought his payment history was sufficient but the landlord stole the evidence of the payment history from the apartment while he was locked out. Plaintiff also filed a renewed Affidavit (Doc. #13) regarding his indigent status.

On December 31, 2015, the Magistrate Judge issued her Report and Recommendations (Doc. #15) noting that it appeared that plaintiff qualified to proceed without prepayment of costs, however the new complaint remained deficient as to the basis for jurisdiction and therefore the case should be dismissed with prejudice. On February 17, 2016, the Court adopted the Report and Recommendation in part as to plaintiff's indigent status, but recommitted the case to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B). (Doc. #19.) On April 22, 2016, the Magistrate Judge recommended that the claims against Judge Paluck be dismissed with prejudice based on her judicial immunity, and the Magistrate Judge found that plaintiff could not bring his claim directly under the Fourteenth Amendment because First Class is not a state actor, but that plaintiff could assert a claim for a constitutional deprivation under 42 U.S.C. § 1983 and under color of state law. The Magistrate Judge otherwise recommended dismissal of any claims under both § 1985 or 42 U.S.C. § 2000e-2 with prejudice. (Doc. #21.) The Recommendations were adopted, and

plaintiff was provided the opportunity to file a Second Amended Complaint against First Class Management LLC only. (Doc. #24.) On July 5, 2016, plaintiff filed his Second Amended Complaint (Doc. #30).[2] The Court directed service of process by the U.S. Marshal's Office, and defendant First Class Management LLC filed its appearance by filing a motion to dismiss.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[2] By Endorsed Order (Doc. #29), plaintiff was granted an extension of time through July 5, 2016, to file the Second Amended Complaint. As plaintiff timely filed the pleading, defendant's argument as to untimeliness is rejected.

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (citations omitted). Documents attached to a motion to dismiss

5

may also be considered "if the attached document is: (1) central to the plaintiff's claim [incorporated by reference]; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Undisputed means plaintiff does not challenge the authenticity of the document. Id.

### III.

Taking all the factual allegations in the Second Amended Complaint (Doc. #30) as true for purposes of the motion to dismiss, plaintiff alleges a due process violation against defendant pursuant to 42 U.S.C. § 1983 because he was not provided an eviction hearing after showing that he had been an excellent payer of rent, but that the documentation was missing from the court file. Plaintiff argues that Judge Paluck did not accept his request for a hearing and instead issued an order directing that if he failed to deposit $2,100, the eviction would be granted. Plaintiff alleges that he placed $362.00 in the court's registry and some amount was part of his security deposit but that is was insufficient to grant him a hearing. Plaintiff's argument is that he should have been granted a hearing before being evicted from his home, and that due process demands that he be provided a hearing. Plaintiff alleges that defendant jointly participated with Judge Paluck in a conspiracy to interfere with his rights.

Plaintiff alleges that Fla. Stat. § 83.60(2) was used to essentially invalidate his constitutional right to a hearing.

Plaintiffs alleges that the goal of the conspiracy was to see him homeless, possibly because of his race, which is African-American. Plaintiff further alleges that First Class Management LLC directed the violation of his due process because Judge Paluck granted the eviction with no evidence and to put plaintiff out on the street.

**IV.**

Under Section 1983, any person who under color of state law subjects a citizen "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," is liable. 42 U.S.C. § 1983. This requires a showing of a state action, or an act under color of state law attributable to the state that caused the deprivation of a federal right. Flagg Bros. v. Brooks, 436 U.S. 149, 156 (1978). For example, if plaintiff had successfully challenged defendant's resort to the eviction procedures authorized by a state statute on federal due process grounds, this would give rise to a cause of action under § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 934 (1982). The "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am.

Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted).

***State Action***

Private actors may become state actors only under three theories: "state compulsion," "public function," and "nexus."[3] Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982). The compulsion theory applies when the state commands or compels a certain act and reserves power to determine the result becoming responsible for the private action. Adickes v. S. H. Kress & Co., 398 U.S. 144, 171 (1970). Mere acquiescence in the private action is insufficient. Flagg Bros, 436 U.S. at 164. The public function theory requires that the private actor exercise powers exclusive to the State. For example, owners of facilities built to primarily benefit the public, i.e. serving a public function, would be subject to state regulation. Marsh v. State of Ala., 326 U.S. 501, 507 (1946). The nexus theory requires the existence of a sufficiently close relationship or "nexus" between the State and the private actor so that the action of the private actor "may be fairly treated as that of the State itself." Harris v. McDonald's Corp., 901 F. Supp. 1552, 1557 (M.D. Fla. 1995) (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). Misuse of

---

[3] An additional test is available only in cases of prejudgment attachments under a joint action test. Lugar, 457 U.S. at 939 (citing Flagg Bros., 436 U.S. at 157).

8

power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Classic, 313 U.S. 299, 326 (1941).

The Court finds that the mere availability of expedited relief to a private actor under state law is insufficient to establish state action, or action under color of law under any of the theories outlines above. The state did not mandate or compel the default judgment without a hearing, rather it is the statute that provides such relief to a landlord against a tenant. Further, the collecting of rent or the process of eviction is not a typical or exclusion public function. Lastly, there is no allegation of any special relationship between defendant and the state court any more or less than any litigant who may appear in court.

### *Florida Statute*

Even if plaintiff could establish that defendant was acting under color of state law, the Court finds that plaintiff cannot show a deprivation of due process attributable to the state. Defendant's action for eviction was brought pursuant to Florida Statute 83.60(2), which provides:

> In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, including, but not limited to, the defense of a defective 3-day notice, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court

9

> and the rent that accrues during the pendency of the proceeding, when due. The clerk shall notify the tenant of such requirement in the summons. **Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry** within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process **constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment** for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.

Fla. Stat. § 83.60(2) (emphasis added). In other words, to contest the eviction, plaintiff must first deposit <u>all</u> of the accrued rent, and rent that would continue to accrue into the registry.

Attached and incorporated into the Second Amended Complaint is plaintiff's Rebutal-Answer to Complaint filed in the eviction proceeding. Therein, plaintiff outlines how he was willing to pay his rent but required additional time due to his fixed income, so he made partial payments towards the $1,450 that was owed at the time, but that the partial payments to defendant were refused. (Doc. #30, Exh. A2.) Also attached is a letter from the court addressed to plaintiff indicating that he must deposit <u>$2,100.00</u> in the registry by July 2, 2015, and the rent must be kept current as it becomes due. The letter went on to state that "[i]f you fail to deposit $2,100.00, the Default – Residential Eviction and Final Judgment – Eviction will be granted when it is submitted by the Plaintiff." (<u>Id.</u>, Exh. A10.) Plaintiff does not allege that

he was denied a hearing after depositing the full $2,100.00, or that he did in fact deposit this amount.

Attached to the motion to dismiss is a copy of the Complaint filed in state court, and the allegations coincide with those of plaintiff that the total rent due was $1,400. Defendant demanded summary procedures under Florida law in the Complaint. (Doc. #40-2, Exh. 1.) Plaintiff was served with a Three Day Notice to Pay Rent or Deliver Possession prior to the filing of the complaint warning that eviction proceedings would be commenced if the entire amount of $1,400 was not paid. (Id., Exh. B to Exh. 1.) Also attached is the Motion for Default and Default Judgment based on plaintiff's failure to deposit the rent in the amount alleged, or in the amount required by the state court.

The plain text of the statute requires deposit even if plaintiff were to dispute the adequacy of the 3-day notice requirement, Stanley v. Quest Int'l Inv., Inc., 50 So. 3d 672, 673 (Fla. 4th DCA 2010); even if plaintiff had good cause for failing to make a timely deposit, Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811, 813 (Fla. 3d DCA 2010); and even if a counterclaim or defense of fraud is presented, First Hanover v. Vazquez, 848 So. 2d 1188, 1190 (Fla. 3d DCA 2003). This requirement to deposit rent for continuing occupancy under Fla. Stat. § 83.60(2) has been found to be constitutional. Karsteter

v. Graham Co., 521 So. 2d 298, 298 (Fla. 3d DCA 1988) (collecting cases).

Plaintiff does not allege that he filed a motion to determine rent, or that he paid, or that the amount of rent owed was disputed. The statutory authority clearly provides that all defenses are deemed waived except for payment for the failure to deposit all the funds into the registry. The fact that plaintiff consistently paid his rent *in the past* bears no relevance on his failure to deposit the statutorily required amount to avoid a default judgment.

### *Due Process*

Due process requires an opportunity to present every available defense. Lindsey v. Normet, 405 U.S. 56, 66 (1972). The Florida Statute at issue also specifically provides procedures to present defenses:

> In an action by the landlord for possession of a dwelling unit based upon nonpayment of rent or in an action by the landlord under s. 83.55 seeking to recover unpaid rent, the tenant may defend upon the ground of a material noncompliance with s. 83.51(1), or may raise any other defense, whether legal or equitable, that he or she may have, including the defense of retaliatory conduct in accordance with s. 83.64.

Fla. Stat. § 83.60(1)(a). If plaintiff had deposited the $2,100, a hearing would have taken place: "[t]he court, after preliminary hearing, may award all or any portion of the funds on deposit to

12

the landlord or may proceed immediately to a final resolution of the cause." Fla. Stat. § 83.61. The fact that plaintiff did not use the procedures in place by failing to pay the overdue rent, does not mean that plaintiff was denied due process. See, e.g., Lindsey v. Normet, 405 U.S. 56, 65 (1972) ("A requirement that the tenant pay or provide for the payment of rent during the continuance of the action is hardly irrational or oppressive."). Florida law provides that plaintiff is entitled to present a defense if he deposits rent into the registry, and therefore plaintiff was provided all the process that he was due. Colvin v. Hous. Auth. of City of Sarasota, Fla., 71 F.3d 864, 866 & n.3 (11th Cir. 1996).

Because the Court finds that plaintiff has failed to state a claim, the case will be dismissed and judgment entered in favor of defendant.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #40) is **GRANTED** and the defendant is **dismissed with prejudice**.

2. Plaintiff's Motion for Summary Judgement [sic] (Doc. #45) is **DENIED** as moot.

3. The Clerk shall enter judgment in favor of defendant and against plaintiff, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record